

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Orville S. Carpenter
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Dear Sir:

Opinion No. 0-1725
Re: Whether or not subsections (1)
and (4) of section (f) of Article
5221b-17, Vernon's Annotated
Civil Statutes, 1939, applies
to the hereinafter mentioned
fact situations, and, the time
of the application of the said
sections of the Article, if
applicable.

We received your letter of November 21, 1939, re-
questing our opinion as to the application of subsections
(1) and (4), section (f) of Article 5221b-17, Vernon's Anno-
tated Civil Statutes to the following fact situations which
we quote from your letter as follows:

"The Stock of M Corporation is owned by A.
A acquires all of the stock of the Z Corpora-
tion during the forty-first week of 1938. M
and Z Corporations each has five persons in em-
ployment during the calendar year 1938. Will M
and Z Corporations become employers by virtue
of Section 19(f) (4), and, if so, at what time?

"Assume that M Corporation had eight individuals
in employment during the first nineteen weeks of
1938, and that Z Corporation had three individuals in
employment during the whole of the year 1938.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Orville S. Carpenter, Page 2

During the nineteenth week of 1938, A acquires the stock of the Z Corporation, and M Corporation reduces the number of individuals in its employment to five and continues during the remaining weeks of the year with five individuals in its employment. Do M and Z Corporations become subject employers by virtue of Section 19(f) (4), and, if so, when?"

Subsection (1) and (4) of section (f) of the Texas Unemployment Compensation Act, same being Article 5221b-17, supra, reads, in part, as follows:

"(f)  'Employer' means

"(1)  Any employing unit which for some portion of a day but not necessarily simultaneously, in each of twenty (20) different weeks, whether or not such weeks are or were consecutive, within either the current or the preceding calendar year, has or had in employment eight (8) or more individuals (irrespective of whether the same individuals are or were employed in each such day);

"(4)  Any employment unit which together with one or more other employing units, is owned or controlled (by legally enforceable means or otherwise) directly or indirectly by the same interest, or which owns or controls one or more other employing units (by legally enforceable means or otherwise), and which, if treated as a single unit with such other employing unit, would be an employer under paragraph (1) of this subsection; . . ."

In the first fact situation mentioned in your letter, it is clear that each corporation is an "employing unit" within subsections (1) and (4) of section (f) of Article 5221b-17, supra. An employing unit is defined in section (e) of Article 5221-b-17, as follows:

"'Employing unit' means any individual or type of organization, including any . . . . corporation, . . . which has or subsequent to January 1, 1936, had in its employ one or more individuals performing services for it within this State."

Honorable Orville S. Carpenter, Page 3

In subsection (4), supra, we find that two or more employing units are to be treated as one if they are owned or controlled by the same interest. The two corporations mentioned in your first fact situation, are owned or controlled by the same interest and together have eight (8) or more individuals in their employment.

Under the provisions of subsection (1) of section (f) of Article 5221b-17, we find that the eight (8) or more employees must have been employed for some portion of a day but not necessarily simultaneously, in each of twenty (20) different weeks, whether or not such weeks are or were consecutive, within either the current or preceding year.

In applying the above paragraph to your first fact situation, we are of the opinion that it is necessary for the two corporations, together, to have the eight (8) or more individuals in their employment for a period of twenty (20) weeks, in the manner as specified in said subsection (1), beginning from the time they were owned or controlled by the same interest and not prior to that time.

Subsection (1) of section (f) provides that the twenty (20) weeks of employment are those "within either the current or preceding calendar year." We construe this provision to mean twenty (20) weeks wholly within the current or the preceding year. Since there are not twenty (20) weeks remaining in the year 1938 (subsequent to the forty-first week), we conclude that the two corporations mentioned in your first fact situation are liable for taxes under the Texas Unemployment Compensation Act after the termination of the twentieth (20th) week of 1939, assuming that there are eight (8) or more individuals employed for a part of each of the said twenty (20) weeks.

In answering the questions raised in your second fact situation, we conclude that the two corporations come within subsections (1) and (4) of section (f), Article 5221b-17 and are liable for taxes under said Article on the termination of twenty (20) weeks subsequent to the nineteenth (19th) week of 1938. This would make the two mentioned corporations liable for said taxes at the termination of the thirty-ninth (39th) week of 1938 in the same manner and for

Honorable Orville S. Carpenter, Page 4

the same reasons as set out in the first fact situation.

We wish to call your attention to the fact that there is a variance between the numbers of the sections of Article 5221h, Vernon's Annotated Civil Statutes and the numbered Sections referred to in your letter. We have used the numbers as set out in Vernon's Annotated Civil Statutes.

Trusting that this is the information desired, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*
Glenn R. Lewis
Assistant

By *Lee Shoptaw*
Lee Shoptaw

LS:jm

APPROVED JAN 4, 1940
*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *Bur3*
CHAIRMAN